# Crowder, Newman *et al.* v. Moone.

### *Appeal from Order appointing Receiver.*

1. *Appointment of receiver; pendency of suit essential to authorize.* — The filing of the bill is the commencement of the suit in chancery, and until suit is thus commenced the court of chancery has no authority to appoint a receiver.

2. *Notice to interested parties ; when may be dispensed with.* — Except in very special cases, where irreparable injury will result from delay, necessary and interested parties must have notice and an opportunity to be heard before the order is made, and on appeal it will be a fatal objection to an order made without notice, that the necessity dispensing with it does not appear.

APPEAL from Chancery Court of Madison.

Heard before the Hon. R. S. WATKINS.

This was an appeal from an order appointing a receiver, made " at chambers in vacation " the day before the bill was filed with the register. No notice of the application was given the defendants. The other facts, so far as material, will be found in the opinion.

[Crowder v. Moone.]

L. P. WALKER and JAMES ROBINSON, for appellant. — The appointment of a receiver cannot be made until the bill is filed. R. C. § 3329. The suit is not commenced until then. 7 Metcalf, 161; 1 Burril Law Dic. 625; 1 Bouvier, 524. Notice was absolutely essential, or some valid excuse for not giving it. Edwards on Receivers, p. 77; 5 Paige, 521; 8 Paige, 373; 14 Beavan, 423.

LUKE PRYOR & R. A. McCLELLAN, contra.

JUDGE, J. — The order appointing a receiver in this case was made in vacation, and one day before the bill was filed. The order was made on the sixteenth day of January, 1874, and the bill was filed on the next day thereafter.

A suit in chancery is not commenced until the filing of the bill; thus it appears that this suit was not pending when the order appointing a receiver was made. Rev. Code, section 3382.

We hold that the general power of the court of chancery to appoint a receiver, requires a suit to be pending; and such seems to be the rule in England save in extreme cases. Edwards on Receivers, p. 13.

But another and a fatal objection exists to the order in this case; it was made without previous notice to the necessary and interested parties. As a general rule such notice is necessary; but the rule is subject to exceptions in special cases where irreparable injury would be sustained by the delay. In the present case it was not shown that special circumstances existed which rendered it necessary or proper to put a receiver upon the property of appellants without giving them an opportunity to be heard. The People v. Norton, et al. 1 Paige, 17; Sanford v. Sinclair, 8 Paige, 372. The record informs us that two of the appellants, Crowder and Newman, who are interested, with the appellee, in the property involved in the litigation, reside in Madison county where the bill was filed; and there is nothing in the record to show that they could not have been readily notified of the application.

We do not deem it necessary to discuss the question as to whether the case is a proper one for the appointment of a receiver, or if it is, whether the ex parte showing made is sufficient to authorize it.

The order of the chancellor must be revoked and annulled, and the cause remanded.

BRICKELL, C. J., having been of counsel, did not sit in this case.