# Sims *v.* Adams.

*Bill in Equity by Purchaser to compel Conveyance, Dissolution of Partnership, and Settlement of Partnership Accounts.*

1. *Multifariousness.*—A purchaser of an undivided one-half interest in certain mill property, real and personal, having formed a partnership in the mill business with the owner of the other half, and being afterwards excluded from all control or possession of the property and business by his partner, who also claimed to have purchased the interest of the other part owner; he may maintain a bill in equity against both of them, to compel the delivery of a conveyance by his vendor, a dissolution of the partnership, and a settlement of the partnership accounts, and such bill is not multifarious.

2. *Husband and wife as parties.*—When a married woman has been relieved of the disabilities of coverture by a decree of the chancellor (Code, § 2731), her husband is neither a necessary nor a proper party to a bill filed against her to enforce the execution of a contract.

3. *Receiver; when appointed without notice.*—A receiver may be appointed in a pending suit, without notice to the defendants, when it is shown by affidavits that they are disposing of the property in which complainant claims an equal interest with them, collecting and appropriating the proceeds of sale, and that they are insolvent, whereby the object of the suit would probably be defeated by delay.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 16th September, 1884, by Thomas J. Adams, against Mrs. Melissa M. Sims and her husband, John M. Sims, and Mrs. Lucinda Bayzor and her husband, N. M. Bayzor; and sought to compel the delivery of a conveyance by Sims and wife for a half interest in certain mill property, real and personal, which the complainant claimed to have purchased from Mrs. Sims; also, the dissolution of a partnership in the mill business, formed between the complainant and Mrs. Bayzor, through her husband as her agent, a settlement of the partnership accounts, and a division of the partnership property. Mrs. Bayzor and Mrs. Sims each had been relieved of the disabilities of coverture, by a decree of the chancellor rendered on the 29th January, 1883, copies of which were made exhibits to the bill. The land on which the mill

was situated, and all the property belonging to the mill, belonged to them as tenants in common ; and on the 5th January, 1884, Mrs. Sims sold and conveyed her undivided interest to the complainant, her husband joining with her in the conveyance. The agreed price was $1,000, for which the complainant executed his two promissory notes, each for $500, payable respectively on the 1st July, 1884, and the 1st January, 1885. The deed and the notes were not delivered on the day the contract was consummated, but the deed was left, as the bill alleged, in the hands of one Sellars, to be handed to complainant when he executed and delivered his notes as stipulated; and when the deed was demanded by complainant, after the execution and delivery of the notes, Sellars excused his failure to deliver it by alleging that it was locked up in his safe, where he could not then get at it, and promised to deliver it in a short time. On the 14th April, 1884, the notes for the purchase-money were assigned by Mrs. Sims and her husband to one Flowers; and when complainant offered to pay the first note, at or about the time it fell due, Flowers informed him that he had re-transferred it to Mrs. Sims. Complainant then tendered payment of the note to said Sims, as agent of his wife, but he refused to accept it. In the meantime, complainant, having been put in possession of an undivided interest in the property under the contract, formed a partnership in the mill business with said N. M. Bayzor, as agent of his wife, under the name of Bayzor & Adams; and the partnership purchased machinery, and contracted debts in carrying on and extending the business. A few days after the sale of the property to the complainant, ignoring the rights thereby acquired by him, Mrs. Sims and her husband sold and conveyed an undivided one-half interest in the property to Mrs. Bayzor, who had notice of the prior sale to complainant; and in July, 1884, claiming the entire property in right of his wife, said N. M. Bayzor drove away complainant's agent, denied that he had any right or interest in the property or business, and by threats of personal injury ejected the complainant from the premises. The bill alleged, also, that Bayzor had collected debts due to the partnership, and was selling the lumber and other property as fast as he could find a purchaser ; and that each of the defendants was utterly insolvent.

On the filing of the bill, the complainant made application before the chancellor, in vacation, for the appointment of a receiver to take possession of the property ; and in excuse of the failure to give notice of the application, he submitted an affidavit, in which he stated that Bayzor and his wife were collecting the partnership debts and disposing of the partnership property as fast as they could, and that irreparable injury might

[Sims v. Adams.]

result from the delay consequent on the giving of notice. A receiver was appointed by the chancellor, and a motion to discharge him was afterwards overruled; but the chancellor ordered him to restore all the property to the possession of the persons from whom it was taken, except the lumber belonging to the partnership, which he was ordered to sell, and to pay the money into court.

The defendants answered, denying the material allegations of the bill; and they demurred to the bill, for want of equity, for multifariousness, and for misjoinder of defendants. The chancellor overruled the demurrer, on each of the grounds assigned. The refusal to discharge the receiver, and the overruling of the demurrers to the bill, are now assigned as error.

GAMBLE & RICHARDSON, for appellants.

J. F. STALLINGS, contra.

STONE, C. J.—The object of the present suit is single, and the interest represented by each defendant bears on the question of any relief complainant can obtain. This authorized the bringing of those several interests before the court in one and the same suit. The bill is not multifarious.—1 Brick. Dig. 719, §§ 1158–9; *Kingsbury v. Flowers*, 65 Ala. 479; *Randle v. Boyd*, 73 Ala. 282; *Bolman v. Lohman*, 74 Ala. 507. The bill certainly contains equity.

Neither Sims nor Bayzor, the husbands, were necessary or proper parties. The wives had been relieved of the disabilities of coverture under the statute (Code of 1876, § 2731), and should have been sued alone. To this extent, the demurrers to the bill ought to have been sustained.

We think complainant showed a good reason for not giving notice of his application for the appointment of a receiver. Code, § 3881; Kerr on Receivers, 7, 8.

The order appointing a receiver is not found in this record, and we are left to infer what was done, from the subsequent order of the court, limiting his powers. Basing our impressions of the case on the affidavits found in the transcript, we doubt if complainant can ever show himself entitled to specific performance. It is not improbable, however, that it will appear, when the proof is taken, that, acting on the assumption he had acquired Mrs. Sims' interest in the mill property, Adams did operate the mill in joint adventure, or partnership with Mrs. Bayzor, from some time in January, until he let his asserted interest to Sanders. If so, he is entitled to have the accounts taken and settled in this suit; and Mrs. Sims is a proper party to such settlement, to represent her own interests

[Roulhac v. Jones.]

in the account, as the possible owner of the half interest in the property, which was operated in the name of Adams. We find no error in the chancellor's refusal to discharge the receiver, and approve the order he made, modifying his powers. On the single question of parties,

Reversed and remanded.