# Ashurst *v.* Lehman, Durr & Co.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Appointment of receiver without notice.*—Under a bill for the foreclosure of a mortgage on the defendant's crop, alleging that he refuses to deliver up the property on demand, claiming that there are prior liens upon it; that he has already appropriated a portion of it to the payment of other debts; that he is insolvent; that the security is inadequate unless the property is preserved and applied to the mortgage debt, and that it is in danger of being lost or destroyed unless promptly taken into custody of the court; a receiver may be appointed as prayed, on the filing of the bill (Code, § 3534), without notice to the defendant.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 15th December, 1888, by Lehman, Durr & Co., against R. T. Ashurst and wife; and sought the foreclosure of a mortgage which said defendants had executed to complainants, conveying a tract of land, with the crops to be grown thereon during the year 1888, and other personal property; and it also prayed the appointment of a receiver to take possession of the crops. A receiver was appointed by the register, on the same day the bill was filed. A demurrer to the bill, for want of equity, was filed by R. T. Ashurst; and a plea was filed by his wife, alleging her coverture. An appeal to the chancellor, from the order appointing a receiver, was taken by R. T. Ashurst; and the cause being submitted at the same time for hearing on the demurrer, the chancellor affirmed the register's order, and overruled the demurrer. The chancellor's decree is now assigned as error.

WATTS & SON, and JOHN A. TERRELL, for appellant, cited High on Receivers, §§ 111-17; *Brierfield Iron Works v. Foster,* 54 Ala. 633; *Hughes v. Hatchett & Trimble,* 55 Ala.

[Ashurst v. Lehman, Durr & Co.]

634; *Beverly v. Brooke*, 4 Gratt. 208; *Sims v. Adams*, 78 Ala. 395; *Harwell v. Potts*, 80 Ala. 72.

E. P. MORRISSETT, *contra*, cited *Sims v. Adams*, 78 Ala. 395; *Micou v. Moses*, 72 Ala. 439; *Weis v. Goetter, Weil & Co.*, 72 Ala. 259; High on Receivers, § 4.

CLOPTON, J.—It has been said, that the exercise of the power to appoint a receiver *pendente lite*, is one of the most responsible duties which a court of equity is called on to perform, as its effect is to deprive the defendant of his possession before a final decree, which may work great, and even irreparable injury, though the property taken into the custody of the court may be finally restored. The appointment rests largely in the discretion of the court; not an arbitrary or capricious, but a judicial discretion, controlled by a consideration of the circumstances of each case; and the power should be exercised with great caution and circumspection. Actual fraud, or imminent danger, is not, in all cases, essential to the exercise of the power. There should, however, be a concurrence of two grounds—a reasonable probability of success on the part of the complainant, and that the subject-matter in controversy is in danger. The remedy is preventive in its nature, and its purpose is the preservation of the subject-matter of litigation, for the benefit of all the parties in interest, until their rights can be finally adjudicated. It does not affect the title, nor establish the rights of the parties. Such being the nature of the remedy, the appointment of a receiver is authorized, when the party seeking the appointment shows, *prima facie*, a title reasonably free from doubt, or a lien upon the subject-matter of controversy, to which he has a right to resort for the satisfaction of his claim, and that it is in danger of loss, from waste, misconduct, or insolvency, if the defendant is permitted to retain the possession. Notice of the application for the appointment, and the officer to whom it will be submitted, must be given, or a good reason shown for the failure to give the same.—*Brierfield Iron Works Co. v. Foster*, 54 Ala. 622; *Micou v. Moses Bros.*, 72 Ala. 439; *Bard v. Bingham*, 54 Ala. 463; *Ex parte Walker*, 25 Ala. 81; Code, 1886, § 3534.

The allegations of the bill, which are verified, are not controverted. We must, therefore, on appeal, assume their truth. The relation of mortgagees and mortgagor exists

between complainants and defendant. The mortgage conveys land, the crops grown during the current year, and other personal property, as security for a debt due by defendant to complainants. The lands are incumbered by a prior mortgage, to the extent of their value. The claim of the complainant is past due. The bill avers, that defendant has refused to deliver the crops and other personal property embraced in the mortgage, and claims that there are prior liens upon the crops. It also avers, that the defendant has appropriated a portion of them to purposes other than the payment of complainants' debt; that defendant is insolvent; and that the crops are in danger of being lost or destroyed, unless they are promptly taken into the custody of the court; and that the security is inadequate, unless they are preserved and applied to the satisfaction of complainants' debt.

The receivership was extended only to the crops. Considering the nature and character of the subject-matter of controversy, the facility with which the crops may be disposed of, their liability to waste or destruction, the necessity of their preservation and application to the mortgage debt, the insolvency of defendant, and his application of a part of the crops in disregard of the rights of complainants, we are of opinion that the bill makes a *prima facie* case for the appointment of a receiver, and shows a good reason for the failure to give notice of the application.—*Sims v. Adams*, 78 Ala. 395.

Affirmed.