| | |
|---|---|
| 87 | 733 |
| 93 | 131 |
| 87 | 733 |
| 95 | 317 |
| 87 | 733 |
| 96 | 467 |
| 96 | 477 |
| 87 | 733 |
| 114 | 70 |
| 87 | 733 |
| 119 | 390 |
| 87 | 733 |
| 121 | 209 |
| f 122 | 412 |

# Thompson *v.* Tower Manufacturing Company.

*Creditors' Bill in Equity to set aside Fraudulent Conveyance.*

1. *Receiver; appointment without notice.*—On the filing of a bill by simple-contract creditors, seeking to set aside, on the ground of fraud, a transfer by their insolvent debtor of his entire stock of goods to his mother, a receiver should not be appointed without notice, on the *ex parte* affidavits of the complainants' solicitors, stating their belief that the appointment *instanter* is necessary for the protection of complainants—that if notice of the application was given to defendants, "they would sell or dispose of said property before a receiver could be appointed, and thus leave complainants remediless;" and that the grantee, whose insolvency is not averred, "is already trying, and has tried, to dispose in whole of said property conveyed to her."

APPEAL from the City Court of Anniston, in equity.

Heard before the Hon. W. F. JOHNSTON.

The bill in this case was filed on the 19th April, 1889, by the Tower Manufacturing Company, and other New York creditors of V. L. Thompson, against him and his mother, Mrs. C. A. Thompson; and sought to set aside, on the ground of fraud, a conveyance of his entire stock of goods by said V. L. Thompson to his mother, and the appointment of a receiver to take charge of the goods. The bill alleged that V. L. Thompson was "legally insolvent," having no property which could be reached by the ordinary process of law, though he had moneys in his possession, the proceeds of recent sales of goods for cash, which he fraudulently withheld from his creditors; but there was no allegation of the insolvency of Mrs. Thompson. On the filing of the bill, before the service of process, the complainants submitted an application for the appointment of a receiver, supported by the joint affidavit of their several solicitors, to this effect: "that they believe it is absolutely necessary for the protection of complainants that a receiver be appointed *instanter* as prayed in said bill, and without notice to defendants; that they believe, if notice of said application was given to said defendants, they would sell or dispose of said property before a receiver could be appointed, and thus leave complainants remediless; and that said C. A. Thompson is already trying, and has tried, to dis-

[Oates v. Clendenard.]

pose in whole of said property conveyed to her." A receiver was appointed ·on the filing of these affidavits, and the order appointing him is now assigned as error.

KNOX & BOWIE, for appellant.

BROTHERS, WILLETT & WILLETT, contra.

STONE, C. J.—In the absence of an averment that Mrs. C. A. Thompson was and is unable to respond to the recovery complainants allege they are entitled to, the order appointing the receiver in this case must be reversed, on the authority of *Moritz & Weil v. Miller, Schram & Co.*, at the present term, *ante*, p. 336. This order is made without prejudice to the right of the complainants to renew the application, on proper notice and proofs, as they may be advised. It should be a strong case of emergency and peril, well fortified by affidavits, to authorize the appointment of a receiver without notice to the other party.—*Hughes v. Hatchett*, 55 Ala. 631; *Brierfield Iron Works v. Foster*, 54 Ala. 622. In *Weiss v. Goetter*, 72 Ala. 259, notice of the application had been given, and affidavits were produced on both sides.

If it had been shown that Mrs. Thompson was insolvent, we will not say what would have been our ruling; for the bill avers that she is endeavoring to dispose of the goods. The averments of the bill, if made good, show a flagitious case of fraud.—*Tryon v. Flournoy*, 80 Ala. 321.

Decretal order appointing receiver reversed, and cause remanded.