# Hendrix *v.* American Freehold Land Mortgage Co.

*Bill in Equity by Mortgagee, after Purchase at Sale under Power, for Injunction and Receiver.*

| 95 | 313 |
| 107 | 640 |
| 95 | 313 |
| d121 | 209 |
| 95 | 313 |
| 129 | 607 |

1. *Mortgagee's right, after purchase at sale under power, to injunction and receiver in aid of ejectment; appointment of receiver without notice.* A mortgagee of lands, having become the purchaser at a sale under the power, but without express authority conferred by the mortgage, and having brought ejectment to recover the possession of the land, may come into equity for an injunction to prevent the mortgagor and a person holding under him by fraudulent conveyance from disposing of the crops, and for a receiver to take possession, gather and hold the crops, on averment that the land is not worth the amount of the mortgage debt, that the defendants are insolvent, and that they have removed and disposed of part of the crops; and a receiver may be appointed without notice, complainant being required to execute a proper bond.

Appeal from the Chancery Court of Limestone.

Heard before the Hon. Thomas Cobbs.

R. A. McClellan, for appellants cited High on Receivers,

555; 38 Ala. 338; 55 Ala. 631; 56 Ala. 211; 52 Ala. 220; 87 Ala. 331, 734; 89 Ala. 217.

HUMES & SHEFFEY, *contra*, cited *English v. Key*, 39 Ala. 113; *Tubb v. Fort*, 58 Ala. 279; *Westmoreland v. Foster*, 60 Ala. 448; *Coffey v. Hunt*, 75 Ala. 236; *Kirkpatrick v. Boyd*, 90 Ala. 449; *Ashurst v. Lehman, Durr & Co.*, 86 Ala. 370; *American Freehold Mortgage Co. v. Sewell*, 92 Ala. 163; *Comer v. Shehan*, 74 Ala. 452; Beach on Receivers, § 494.

THORINGTON, J.—Irie L. Hendrix, one of the appellants, executed a mortgage on the 23d day of December, 1887, in favor of appellee, to secure a loan of money made contemporaneously with the execution of the mortgage; said mortgage containing the usual stipulations found in mortgages taken by foreign loan companies, and among others a power of sale on default in payment of the interest and principal notes described in the mortgage, but containing no provision authorizing the mortgagee to purchase the property at any sale that might be made under the power.

The mortgage matured December 22, 1890, and there was default in the payment of both principal and interest; and thereupon appellee filed its bill in the Chancery Court for Limestone county, the county in which the mortgaged lands are situated, alleging the execution of the mortgage as above stated, the default in the payment of the mortgage debt at maturity, and that appellee had sold the property pursuant to the power of sale, and had become the purchaser at such foreclosure sale. The bill further alleges that, after the execution of the mortgage, the mortgagor sold the mortgaged property to his father, J. M. Hendrix, and placed the latter in possession thereof, and that the mortgagor then removed to Jefferson county, where he was residing when the bill was filed; that said sale was not *bona fide*, but was made for the purpose of hindering, delaying and defrauding appellee "out of its just rights, and out of the rents and profits of said lands, and that defendants combined and confederated thus to hinder, delay and defraud your orator, and prevent it from collecting the rents accruing on said place." It is also averred in the bill that, on September 24th, 1891, appellee demanded of said J. M. Hendrix, who was then, and also at the time of filing the bill, in possession of the land, that he deliver possession thereof to appellee, and that he attorn to and recognize it as his landlord; and that said J. M. Hendrix refused to deliver up

possession, or to attorn to appellee, and denied appellee's right to possession of the property.

It is further shown by the bill that the property was insufficient to satisfy the mortgage debt; that although it was bid in by appellee at the sale under the mortgage, for as much as it was reasonably and fairly worth, there still remained unsatisfied, of the mortgage debt, about two hundred dollars. It is also averred that both Irie L. Hendrix and J. M. Hendrix are insolvent, and that the latter had removed from the lands a portion of the crop without appellee's knowledge or consent, and that the rent was in danger of being lost to appellee, who became entitled thereto by reason of its purchase at said mortgage sale, and that said crops, unless the court should interfere by the appointment of a receiver, would be gathered and disposed of by appellants, and wholly lost to appellee.

The bill further shows compliance by complainant with the laws of this State as to the appointment of an agent and having a well known place of business here, and also alleges that its charter confers on it the power to make loans in this country secured by mortgages on lands. The bill further alleges that appellee, on the 17th day of October, 1891, instituted suit in the Circuit Court of Limestone county for the recovery of the possession of the lands from the appellants.

The bill makes both Irie L. and J. M. Hendrix parties defendant, prays for an injunction, and for a receiver to take charge of, gather and sell the crop, and also prays for general relief, and is sworn to by S. J. Felder, who is stated in the affidavit to be the agent of appellee, and as such authorized to make the affidavit. A copy of the mortgage is attached to the bill as an exhibit, and the bill was filed in said Chancery Court of Limestone county on the 17th day of October, 1891.

On the same day the bill was filed, without notice to either of the defendants to the bill, and before answers filed, an application was made to the chancellor for the appointment of a receiver. The chancellor granted the application, and appointed a receiver, but required appellee first to enter into bond with sureties to be approved by the register, in the sum of two hundred dollars, with condition to pay appellants such damages as they, or either of them, might sustain by reason of the wrongful appointment of a receiver. The appeal is from the order of the chancellor appointing a receiver, and the questions raised by the assignments of error and briefs of counsel are, whether the aver-

ments of the bill make out a case which authorizes appellee to come into a court of equity for the appointment of a receiver, instead of proceeding at law; and if the bill can be maintained for such purpose, whether the facts therein alleged are sufficient to justify the action of the chancellor in dispensing with notice to appellants of the application for the appointment of a receiver.

We have set forth the averments of the bill at much length, for the reason that the appointment of the receiver was made on the sworn statements of the bill alone, there being no affidavits or other proof offered on the motion; and also for the purpose of showing that the facts of the case bring it clearly within the influence of the decision of this court in the cases of the *Freehold Land Mortgage Company of London v. Daniel H. Turner el al.*, and *American Freehold Land Mortgage Company of London v. Peter Simmons et al.*, decided together at the present term, *ante*, pp. 272-8. On the authority of that decision it must be held, that the uncontroverted statements of the bill in this case show that appellee has not a full and adequate remedy at law, and that it is a proper case for the interposition of a court of equity by the appointment of a receiver in aid of the action of ejectment which was being prosecuted by appellee in the court of law.

It is equally clear that, on the uncontroverted case made by the bill, and former decisions of this court, the chancellor was justified in appointing a receiver on the *ex-parte* application of the complainant in the bill. Section 3534 of the Code, which requires notice to be given of applications for the appointment of receivers, also authorizes such notice to be dispensed with on good reason shown to the chancellor or register for the failure to give such notice. It is here shown that one of the defendants resided out of the county in which the bill was filed; that both defendants were insolvent; that they had conspired together to defraud appellee out of the crops by gathering and disposing of the same; that part of the crop had been gathered and disposed of, and that there was danger of the entire crop being so lost to appellee. The receivership extended only to the crop, and appellants were fully protected by the bond appellee was required to give, and did give, before the appointment of the receiver was made.

In the case of *Ashurst v. Lehman, Durr & Co.*, 86 Ala. 370, it is said: "Considering the nature and character of the subject-matter of controversy, the facility with which the crops may be disposed of, their liability to waste or des-

truction, the necessity of their preservation and application to the mortgage debt, the insolvency of defendant, and his application of a part of the crop in disregard of the rights of complainants, we are of the opinion that the bill makes a *prima facie* case for the appointment of a receiver, and shows a good reason for its failure to give notice of the application."

In the following cases, also, the appointment of a receiver without notice was sustained by this court on facts showing no greater urgency than is shown by the bill in this case : *Heard v. Murray,* 92 Ala. 127 ; *Sims v. Adams,* 78 Ala. 395.

The case of *Dollins & Co. v. Lindsey & Co.,* 89 Ala. 217, relied on by appellant, clearly recognizes the necessity and legality of appointments of receivers without notice on good reason being shown, but reversed the order made in that case because the affidavits of fact and urgency were not sufficient, and also because no bond was given by the parties at whose instance the receiver was appointed, to indemnity the defendant in the event the appointment should prove wrongful. And in the case of *Thompson v. Tower Manufacturing Company,* 87 Ala. 733, another case cited by appellee, the defendant in possession of the property which the bill sought to have placed in possession of a receiver, was not shown to be insolvent, and while this court reversed the order appointing the receiver, it was said : "If it had been shown that Mrs. Thompson was insolvent, we will not say what would have been our ruling." In the case of *Crowder, Newman et al. v. Moore,* 52 Ala. 220, also cited by appellee, the order appointing the receiver was vacated by this court, because it was made before the bill had been filed. It is said in that case : "As a general rule, such notice is necessary ; but the rule is subject to exceptions in special cases where irreparable injury would be sustained by the delay."

The case under consideration meets all the conditions wanting in the three last cited cases, and which, it was held, in them, would have justified the failure to give notice. Here, a bond of indemnity was given ; it is shown that the defendants are insolvent, and that irreparable injury would result from delay.

There was no error in the decree of the Chancery Court appointing the receiver without notice, and the same is accordingly affirmed.