# Sackhoff *v*. Vandegrift.

*Bill in Equity for the Appointment of Receiver of Goods Previously Attached and Replevied.*

1. *Facts authorizing the appointment of a receiver.*—Where goods in the possession of one, other than the debtor, are seized under an attachment as belonging to the debtor, and replevied by him in possession, who continues to dispose of them, a subsequent attaching creditor in the same court charging fraud and collusion between the debtor and party in possession, and showing the unusual terms upon which the latter received the goods from the former, the rapidity with which the latter's business increased while the former's diminished, &c., justifies the appointment of a receiver, if not improper for other reasons.

2. *When replevied goods may be again attached.*—When goods that have been attached and replevied, are of greater value than the amount of the first attaching creditor's debt, they may be seized under subsequent attachment in the same court by another creditor.

3. *Same.*—The case of *Dollins v. Lindsey,* 89 Ala. 217, distinguished from case at bar.

APPEAL from Jefferson Chancery Court.

Heard before the Hon. THOS. COBBS.

The bill was filed on the 16th of December, 1892, by the appellee, A. S. Vandegrift, against George Passe, R. C. Sackhoff, W. J. Cameron, and J. P. Nolan; and charged that on the 21st of September, 1892, said George Passe became indebted to complainant in the sum of $1,087.95, due in two installments, one maturing the 31st of November, 1892, and the other the 1st of December, 1892; that on the 19th of November, 1892, the said Passe, having fraudulently disposed of his property, or being about fraudulently to dispose of his goods, complainant sued out an attachment and had it levied on a stock of goods in the possession of said Passe in

Vol. 98.

[Sackhoff v. Vandegrift.]

his store on the corner of 4th avenue and 20th street in the
city of Birmingham; that prior to said levy by complainant
other attachments amounting to about $25,000 had been
levied on the same goods by other creditors, and that the
value of said goods would not exceed the amount of said
prior attachments. The bill averred that, before the levy of
any of these attachments, the said Passe had been delivering
to the said R. C. Sackhoff, for the purpose of delaying,
hindering and defrauding complainant and his other credi-
tors, a large amount of goods, under the pretense of having
sold them to the said Sackhoff, and that in this way Sack-
hoff had accumulated a large amount of goods in a store-
house on the corner of 21st street and 2nd avenue, amount-
ing in value to $8,000 or more, which he was selling as his
own, carrying on an extensive merchandise business, taking
the money derived therefrom, and putting it out of the way
of the creditors of the said Passe, that Sackhoff was holding
and disposing of said goods in fraud of complainant, and to
aid Passe in committing a fraud on his creditors.

The bill also alleges that on the 21st of November, 1892,
Hodges Bros., creditors of said Passe, sued out an equitable
attachment and levied it upon a part of the stock of goods
in the possession of, and claimed by Sackhoff; that Sackhoff
replevied the same, with W. J. Cameron as surety on the
replevy bond. That while the attachment of Hodges Bros.
was upon a part of the goods in the possession of Sackhoff,
the replevy bond was in double the amount of Hodges
Bros.' claim, but was made out, by mistake, for all the goods,
and that Sackhoff was in possession and disposing of all
the stock of goods as rapidly as possible, and that unless
restrained would soon place the whole of said goods beyond
the jurisdiction of the court; that Sackhoff had taken ad-
vantage of the inadvertence of the sheriff in taking the re-
plevy bond, and had purposely had the bond so made to
prevent, or with the hope of preventing, the levy of other
attachments upon the goods; that Sackhoff had placed in
the hands of his surety, Cameron, $2,500 to indemnify him
for going on his replevy bond, and that this money was the
proceeds of the sale of goods sold by Sackhoff, and was lia-
ble to the satisfaction of complainant's claim. The bill
makes Cameron a party defendant, prays for a receiver, asks
that the pretended sale by Passe to Sackhoff be declared
fraudulent and void, that any further disposition of the
goods in the hands of Sackhoff be enjoined, that they be
held subject to the payment of complainant's claim, that
Cameron be enjoined from disposing of any part of the

13-98.

money of Sackhoff held by him, that he be required to hold the same, subject to the further orders of the court, and that it be subjected to the payment of complainant's demand. A receiver was appointed by the chancellor. The defendants made a motion to dismiss the bill for want of equity, and demurred, assigning as grounds of demurrer (1) that the bill shows that the goods sought to be subjected to plaintiff's demand are already in the custody of the law; (2) because said bill seeks the appointment of a receiver of goods already in the keeping of the law under a superior lien, (3) because the sheriff is not made a party defendant to the bill, (4) and because Hodges Bros. are not made parties defendant. The defendants answered, and after much testimony was taken, the case was submitted on motion, pleadings and testimony, to set aside the order appointing a receiver. This motion was overruled and the appeal taken.

MOUNTJOY & TOMLINSON, for appellants.—1. Property replevied can not be levied on by any other process not having a paramount lien, until it is discharged from all liability to the attachment.—*McRac & Augustin v. McLean,* 3 Porter, 138; *Rives & Owen v. Wilborne,* 6 Ala. 45; *Dollins & Co. v. Lindsey & Co.,* 89 Ala. 217.

2. The levy of a second attachment and taking the property from the possession of the obligors in the replevy bond is a misfeasance in the officer making the levy.—*Cordaman v. Malone,* 63 Ala. 556; *Scarborough v. Malone,* 57 Ala. 570.

8. The sureties on the replevy bond assume equally with the principal obligor the duty of restoring the property; to enable them to perform this duty, the law invests them with the special property in the chattels replevied, which they may assert if there is any attempt at disposition so as to prevent them from performing this duty.—*Woolfolk v. Ingram,* 53 Ala. 11.

4. A receiver should not be appointed as against a person not before the court.—High on Receivers, § 84; 49 Penn. St. Report, 310; *Crowder v. Moon,* 52 Ala. 220.

5. Sackhoff was an innocent purchaser for value, whatever may have been the intent of Passe; and, as such, could not be affected in his rights by the fraudulent acts of others, in which he did not participate. *Crawford v. Kirksey,* 55 Ala. 282; *Lehman v. Kelly,* 68 Ala. 192; *Loeb & Bro. v. Flash Bros.* 65 Ala. 526.

6. The consideration being shown, the burden of proving fraud lies on the creditor. *Hodges v. Coleman,* 76 Ala. 103.

7. A conveyance may be void as against existing credi-

[Sackhoff v. Vandegrift.]

tors, because constructively fraudulent, but as against subsequent creditors to render it void a fraudulent intention or actual fraud must be shown.  *Tryon v. Flournoy & Epping,* 80 Ala. 321.

8.  Fraud is never presumed, but must be proved by the party asserting it, and it will not be imputed when the facts and circumstances from which it is supposed to arise may have reasonably been consistent with honest intention. *Thames v. Rembert's,* Adm'r, 63 Ala. 561.

9.  For the appointment of a receiver there must be a legal or equitable right reasonably clear and free from doubt attended with danger of loss, and not then until after the answer, unless the necessity be of the most stringent character.  *Meyer v. Johnston,* 53 Ala. 237; *Briarfield Iron Works Co. v. Foster,* 54 Ala. 622; *Randle v. Carter,* 62 Ala. 95; *Hughes v. Hatchett,* 55 Ala. 631.

R. H. PEARSON, for Appellee.

1.  Upon filing his bill and getting service upon all the defendants, and they all appearing and defending, the appellee acquired a lien upon the goods.  This case comes under the decisions of *Lehman, Durr & Co. v. Ashurst,* 86 Ala. 370, and *Heard v. Murry,* 93 Ala. 127.  And upon the authority of those cases, the appellee was entitled to the appointment of a receiver.

There is no reason why the decree of the chancellor should not be affirmed.

STONE, C. J.—This cause was submitted to the chancellor for the appointment of a receiver, and one day's notice was given of the application.  Notwithstanding the shortness of the notice, many affidavits were submitted for and against the motion.  And the chancellor allowed a further extension of one day, before making a final determination of that application.  During this day of extension other affidavits were filed.  We do not feel authorized to draw a distinction between the Court's action on the 19th, and the final action taken on the 20th, but will treat it as one decretal order, made and entered on the entire showing found in this record.  Manifestly the chancellor did not consider the decretal order as finally determined on, until after the hearing on the 20th of December.

Vandegrift, a creditor at large of Passe, filed this bill for the purpose of collecting his claim, amounting to something over one thousand dollars.  He sought to enforce collection

by equitable proceedings, under the following averred facts :
Passe had, for some time, been a merchant, doing business
in Birmingham. In the fall of 1892, about November, his
creditors had attached the goods in his store, on claims
amounting to much more than their value, and had thus
broken up the business. The firm of Hodges Brothers was
one of the creditors who attached that stock of goods.
Soon after their attachment at law was thus levied on the
goods in the said store in the avowed possession of Passe,
they, Hodges Brothers, filed a bill in the Chancery Court of
Jefferson county, against Passe, Sackhoff and others, alle-
ging that the stock of merchandise in another store which
was being operated in the name of Sackhoff, was the proper-
ty of Passe, and was placed there for the purpose of de-
frauding the creditors of Passe ; that their attachment levy
on the goods in the Passe store would yield them nothing,
because older attachments would exhaust the proceeds of
that stock, and leave nothing for Hodges Brothers. On
these alleged grounds Hodges Brothers prayed for and ob-
tained an equitable attachment, which was levied on the
stock of goods held in the store occupied by Sackhoff, for
the debt charged to be due them from Passe, amounting to
something over nineteen hundred dollars. These goods
were replevied by Sackhoff, by giving bond in double the
sum claimed in the attachment, Cameron and Nolan be-
coming sureties on the bond. This bond has the condition
prescribed for replevying property seized under writs of
attachment, and bears date November 25, 1892.

The present bill was filed December 16, 1892, and makes
Passe, Sackhoff, Cameron and Nolan parties defendant. It
reiterates all the charges of fraud and fraudulent combina-
tion between Passe and Sackhoff, and charges, as Hodges
Brothers, had done in their bill, that the stock of goods in
the Sackhoff store was the property of Passe, placed there
for the purpose of defrauding his creditors, and that said
stock of goods, so placed, was worth eight thousand dollars
or more. Like the Hodges Brothers bill, it makes very full
charges of fraud against Passe and Sackhoff; and, as they
had done, avers that the older attachments levied were much
more in amount than enough to exhaust the said stock of
goods confessedly held in the name of Passe. The purpose
and prayer of this bill are to enforce the collection of com-
plainants demand—something over one thousand dollars—
out of that part of the stock in Sackhoff's hands, which
shall be left after paying the older attachment in favor of
Hodges Brothers. As an excuse or reason for invoking the

restraining, remedial power of the Chancery Court in this case, it is averred that after the restoration of the stock of goods to Sackhoff, on the execution of the replevin bond in the Hodges Brothers suit, he, Sackhoff, resumed their sale, and is engaged in selling them ; and unless restrained, will soon dispose of them, and put their proceeds beyond the reach of the creditors of Passe, to whom they rightfully belong. The prayer of the present bill was and is, that Sackhoff be enjoined from selling the goods, and that they be placed in the hands of a receiver, to be held by him subject to the order of the Court.

In the foregoing summary of facts, we have not undertaken to copy what is charged in the bills. We have simply stated in general terms conclusions of fact drawn from the averments, which are full and specific.

The chancellor, first requiring of complainant a bond with surety, conditioned to pay to Sackhoff such damages as he may suffer from the wrongful appointment of a receiver, made the appointment requiring of the appointee a proper bond with sureties. The present appeal suspended that order of appointment, and presents for our consideration the single inquiry, whether the receiver was properly appointed under the facts shown.

Two grounds are urged why the decretal order appointing a receiver in this case should be vacated. First, that giving due consideration and weight to the affidavits made and submitted, the complainant failed to make such case as would authorize the Court to take the merchandise out of the hands of its possessor, and place it in the hands of a receiver.

We have given careful consideration to the affidavits which shed light on this inquiry, and find them in very great conflict. Considered by themselves, the showing in favor of Sackhoff's purchase, and independent ownership of the goods, is in many respects strong. On the other hand, the proof of his former means and former rate of wages, the unusual terms on which the goods were alleged to have been furnished to him by Passe, and many other circumstances attending their dealings together, and their intercourse with each other ; and, furthermore, the rapidity with which Sackhoff increased his business, its emoluments and the means and resources he thus became the master of, while, in every respect, Passe's business became less remunerative,—less prosperous—call for fuller and more satisfactory proof of the *bona fides* of the transaction than we find in the transcript before us. We forbear to comment

with greater particularity, lest, perchance, we do injustice. Unusual as the alleged terms on which Passe furnished goods to Sackhoff, rapid as the increase of the latter's business—resources and profits—is claimed to have been, we can not, with certainty, affirm that the claim set up is impossible, and therefore unfounded. It is not so manifestly impossible, as that, at this stage, we can pronounce it false. Still, we hold that, weighed and determined by the affidavits and what they disclose, the chancellor did not err in the appointment of a receiver, unless such appointment was improper under the circumstances of this case, to be considered further on. *Meyer v. Johnston*, 53 Ala. 237; *Kelly v. Trustees*, 58 Ala. 489; 2 Amer. & Eng. Encyc. of Law, 19; *Ashurst v. Lehman*, 86 Ala. 370; *Head v. Murry*, 93 Ala. 127.

It is contended in the second place that the goods having been seized and replevied under the attachment at the suit of Hodges Brothers, and that suit not shown to have been disposed of, they were in the custody of the law, and therefore could not be seized, or the possession interfered with at the suit of another.—*Dollins v. Lindsey*, 89 Ala. 217, is one of the authorities relied on in support of this contention. See also *McRae v. McLean*, 3 Por. 138; *Langdon v. Brumby*, 7 Ala. 53; *Kemp v. Porter*, *Ib.*, 138; *Cordaman v. Malone*, 63 Ala. 556. In *Dollins v. Lindsey*, 89 Ala. 217, goods had been seized under attachments sued out against Price brothers, and Dollins had interposed a claim under the statute to try the right of property. He gave bond with sureties in accordance with statutory requirements, and the goods were restored to his possession. This suit was in the common law court. Thereupon Lindsey & Co. filed a bill to enforce the collection of a claim they asserted against Price brothers, and prayed for the appointment of a receiver to take possession of the goods, which had been so seized under attachments at law, and claimed under the statute by Dollins. The bill contained no averment that the goods were of greater value than the amount of the debts under which they had been attached, nor does it appear that the *bona fides* of those debts were questioned. The chancellor appointed a receiver, and this court reversed the order, holding that the property being in the custody of the law, that custody or possession could not be disturbed by the order of another court.

There is a marked difference between that case and this. In that case the proceedings were in different courts, and there was no averment that the property attached was of

[Sackhoff v. Vandegrift.]

value exceeding the amount of the debts under which it had been attached. In this case both suits are in the same court, and the averment is specific that the goods were worth four times the amount of the claim under which they had been seized. It is clearly the law that if property seized under execution or attachment has value in excess of the claim under which it is seized, that excess of value, nothing else being in the way, is liable to the debtor's debts. *Scarborough v. Malone*, 67 Ala. 570. And courts should render all proper aid to make such right effective.

In the case we have in hand we can neither perceive, nor conceive of any wrong done or likely to be done to Sackhoff. If the seizure be wrongful, he is indemnified against loss and injury by the bond the chancellor required complainant to give, before appointing the receiver. The receiver's fidelity in the trust is secured by the bond with sureties the chancellor required of him. So much for Sackhoff's indemnity. Nor is the security of Hodges brothers, or of Cameron and Nolan, sureties on the replevin bond, in the slightest degree imperiled. Neither the property nor its custody is carried from one court to another. Both suits are in one court—the Chancery Court—which can mould its relief to meet the exigencies of the case. Only the excess above requirements to pay the Hodges debt is sought to be condemned; and such claim can not injure Hodges Bros., or Cameron and Nolan, sureties of Sackhoff. The chancellor will protect those prior, paramount claims, and, to this end, may, if necessary, order the two suits to be heard together.

Hear the other side. If it be true that the goods were held by Sackhoff for the benefit of Passe, and as a means of defrauding the latter's creditors; and if it be true that the merchandise in controversy in value greatly exceeded the amount necessary to pay Hodges brothers their claim, then to deny the relief prayed in this case is practically to permit the fraud to be consummated. This would be a perversion of the doctrine of non-interference with property in the custody of the law.

We have mentioned the fact that in this case both suits were pending in the same court, and that, consequently, the chancellor's order would not have the effect of taking property levied on under process from one court, and placing it under the control of another court. Cases may arise in which property is levied on under process from one court, which in value exceeds the demand under which it is seized and bonded. Whether another creditor, asserting his claim in another jurisdiction, may not reach that surplus of value

[Enslen, Adm'rx, v. Wheeler, Adm'r.]

and make it available, is not presented by this record, and is not intended to be decided. We leave ourselves uncommitted, alike on the right and the remedy in such condition.

The decretal order of the chancellor is affirmed.

Affirmed.

