# Gilreath *et al.* *v.* Union Bank & Trust Company.

## Order Appointing Receiver.

1. *Liability of fraudulent grantee; when receiver denied.*—A fraudulent grantee may, upon bill filed for that purpose, be held to an accounting for the property fraudulently conveyed and disposed of by him, and a personal judgment or decree may be rendered against him; and where the grantee is solvent it cannot be said that necessity exists for the appointment of a receiver to take charge of the property.

2. *When receiver not appointed without notice.*—It is a familiar principle that the power to appoint a receiver is one that must be exercised with great caution, and that it requires a strong case to dispense with notice; and if a bill praying for such appointment fails to aver the respective values of the real and personal property contained in the conveyance—there being both kinds of the property conveyed—and that the manner in which the property is being used will rapidly depreciate the same in value, and that the fraudulent grantees are insolvent; and if it does show that the fraudulent grantees are residents

of the city in which the bill is filed, a receiver should not be appointed on an *ex parte* showing without notice.

3. *Reasons required for appointment of receiver should be explicit.* The reasons stated in a bill praying for the appointment of a receiver without notice should not be the mere opinion and conclusion of the pleader, but should consist of a clear and full statement of the facts, and circumstances rendering such summary proceeding necessary.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case alleges that the property conveyed by Belton Gilbreath to his wife Julia and by her to the Gilbreath Coal and Iron Co. was in reality the property of Belton Gilbreath; that the pretended corporation was conceived in fraud and for the purpose of changing the title to the said property so as to remove it beyond the reach of the creditors of Belton Gilreath; that this purpose appeared from the fact, among others, that all the shares of the company were in the name of Julia M. Gilreath, except one in the name of her husband, and one in the name of another person who paid nothing but was induced to allow the use of his name only that the three persons necessary to form a corporation should appear; and that the judgment against Belton Gilreath in favor of the Union Bank and Trust Co. was obtained only a few days before the organization of the company and the transfer of the property to it by Julia Gilreath. The court ordered a received appointed without notice and from this order or decree Belton Gilreath and others appealed.

WHITE & HOWSE, for appellants.—The appointment of a receiver even when notice is given is a summary, harsh and dangerous remedy.—98 Ala. 478; *Moritz v. Miller,* 87 Ala. 331; *Dollins v. Linsey,* 89 Ala. 217. (2). The complainant must show a legal or equitable right reasonably clear and free from doubt attended with danger of loss.—*Fort Payne Case,* 96 Ala. 477; *Randle v. Carter,* 62 Ala. 95, 112; *Warren v. Pitts,* 114 Ala. 65; *Van Plauck v. Mercantile, Etc.,* 2 Paige, 250; 2 N. Y. Chancery Rep., 976, 985; 20 Am. & Eng. Ency. of Law, 27. (3). To justify the appointment of a receiver with-

out notice it must be shown that irreparable injury would result to complainant from the delay occasioned by giving notice.—*Crowder v. Moore,* 52 Ala. 220; *People v. Norton,* 1 Paige, 17; 2 N. Y. Chancery Rep., 544; *Gibson v. Martin,* 8 Paige, 381; High on Receivers, Sec. 113; *Mainard v. Riley,* 2 Nev., 333; *Bank v. F. S. & L. Co.,* 104 Ala. 297; *Hendricks v. American, Etc.,* 95 Ala. 313; *Ashurst v. Lehman,* 86 Ala. 370. (4). In this case the complainant does not show the nature and character of the property with sufficient certainty and that it was liable to waste. The defendant lived in the city of Birmingham where the bill was filed.—*Lindsey v. Am. M'g'ge,* 97 Ala. 411. (5). The bill fails to show that the defendants were insolvent.—*Warren v. Pitts,* 114 Ala. 63; *Thompson v. Power, Etc.,* 87 Ala. 733; *Brierfield v. Foster,* 54 Ala. 622.

GARRETT, UNDERWOOD & THATCH, also for appellants, cited *First Nat. Bank v. Gage,* 79 Ill., 209; *Heflebower v. Buck,* 64 Md., 22; 20 Am. & Enm. Ency. of Law, p. 37; *Crowder v. Moon,* 52 Ala. 221; 5 Thompson on Corp., Secs. 68, 180; Smith on Receiverships, p. 36.

CABANISS & WEAKLEY, for the Gilreath Coal & Iron Company, cited the foregoing authorities.

DENSON & TANNER, *contra.*—The bill shows a quick and rapid succession of facts pregnant with suspicions of dishonest dealings and purposes and all indicating insolvency. The reasons for not giving notice are set forth in the bill and are sufficient.—*Micou v. Moses Bros.,* 72 Ala. 439; *Maxwell v. Peters Shoe Company,* 109 Ala. 371; *Heard v. Murray, et als.,* 93 Ala. 127; *Kelly v. Connell, et als.,* 110 Ala. 543; *Sims v. Adams,* 78 Ala. 395; *Soutz v. Huger,* 107 Ala. 248; *Heard v. Murray, et als.,* 93 Ala. 127.

DOWDELL, J.—The appeal in this case is taken from the order of the chancellor appointing a receiver of the Gilreath Coal and Iron Company, without notice to said defendant corporation or any of the other defendants. The appointment was made upon the bill.

which was sworn to by one of the solicitors for the complainant. No other affidavit was submitted in support of the application for a receiver.

The bill was filed by the Union Bank and Trust Company as a judgment creditor of Belton Gilreath, one of the respondents. The manifest purpose of the bill is to have vacated and annulled the conveyance by said Belton Gilreath to his said wife, Julia M. Gilreath, who is also a defendant to the bill, and the conveyance by said Julia M. Gilreath to the Gilreath Coal and Iron Company, made by her in payment of her subscription to the capital stock in said company and to subject the property therein conveyed to the payment of complainant's judgment, and pending the litigation to have a receiver to take the custody, control and management of the property. Under the averments of the bill, both Julia M. Gilreath and the Gilreath Coal and Iron Company occupy the attiude of fraudulent grantees. It is a well settled proposition of law, that a fraudulent grantee may, upon bill filed for that purpose, be held to an accounting for the property fraudulently conveyed and disposed of by such grantee and a personal judgment or decree may be rendered against him. Such being true, it could hardly be said that in any case, upon a bill filed to annul and vacate a fraudulent conveyance where the grantee is solvent and able to respond to a personal judgment rendered against him, that a necessity could exist for the appointment of a receiver to take charge of the property. The bill does not aver the insolvency of either Julia M. Gilreath or the Gilreath Coal and Iron Company. So far as the allegations of the bill are concerned, these parties are amply able to respond to any decree that might be obtained against them on an order to account for the property fraudulently received or held by them. The appointment of a receiver calls for the exercise of an extraordinary jurisdiction and an extreme and harsh remedy. Mr. High in his work on Receivers says: "Courts of equity are exceedingly averse to the exercise of their extraordinary jurisdiction by the apointment of receivers upon *ex parte* applications, and this practice is never tolerated except in cases of the gravest emergency, demanding the immediate in-

terference of the court for the prevention of irreparable injury, or in cases where defendant has absconded and wilfully put himself beyond the jurisdiction of the court. And it may be stated as the settled practice, both in England and America, to require the moving party to give due notice of the application to defendant, over whose effects he seeks the appointment of a receiver, in order that he may have an opportunity of being heard in defense, and that his property may not be summarily wrested from him upon an *ex parte* application. Even in exceptional cases of great emergency, when the relief is demanded for the prevention of irremediable injury, the courts are extremely averse to interference *ex parte*, and will ordinarily entertain the application only after notice to defendant or a rule to show cause."—High on Receivers, § 111, citing among many other cases, *Verplanck v. Mercantile Ins. Co.*, 2 Paige, 438; *Crowder v. Moone*, 52 Ala. 220. The same author says, "To warrant a court in entertaining an application for a receiver without notice, it must be clearly shown that the delay which would result from giving notice would defeat the rights of plaintiff, or would result in great injury to him. And when the relief is sought upon an *ex parte* application upon the ground of extreme necessity, the particular facts and circumstances rendering such summary proceedings necessary should be set forth in the application, and a mere statement of opinion as to such necessity, even though made under oath, will not justify a departure from the established rule requiring notice of the application."—High on Receivers, § 113.

The bill fails to aver the respective values of the real and personal property contained in the conveyances. For aught that appears from the averments of the bill, the lands in question may be more than sufficient to satisfy the demand of the complainant. Certainly this species of property could not be spirited away or put beyond the reach of the complaining creditor, nor do the averments of the bill sufficiently show that the manner in which it is being used would so rapidly depreciate the same in value as to afford an excuse or reason for not giving to the defendants notice of the application for receiver. It is a familiar principle that the power to

appoint a receiver is one that must be exercised with great caution, and that it requires a strong case to dispense with notice. The bill shows that the individual respondents were residents of the city of Birmingham, where the bill was filed, and the Gilreath Coal and Iron Company had its principal place of business in the same city. With all the defendants residing in the same place where the bill was filed, considering the nature and description of the property in question, it is hardly reasonable to conclude that any serious injury could result from the delay in giving notice of the intended application for a receiver. Nor do we think that the reason stated in the bill is sufficient to warrant the appointment of the receiver without notice. At most, it is but the averments of an apprehension, a mere opinion or conclusion of the pleader. It matters not how honest may be the belief of a party as to the apprehended danger of loss of property, such is not sufficient without a full and clear statement of the facts, clearly and satisfactorily showing such belief to be well grounded. As said by Brickell, C. J., in the case of the *Bank of Florence v. United States Savings & Loan Co.*, 104 Ala. 297, "It is not on such vague and indefinite allegations, the opinions or conclusions of the pleader, not accompanied by a statement of the facts on which they are founded that notice of the judicial proceeding can be dispensed with, and parties deprived of the possession or control of property." The following cases are in point and sustain the views we have expressed: *Crowder v. Moone, supra; Moritz v. Miller*, 87 Ala. 331; *Thompson v. Tower Manufacturing Co.*, 87 Ala. 733; *Dollins v. Lindsay*, 89 Ala. 217; *Lindsay v. American Mortgage Co.*, 97 Ala. 411. In each of the following cases cited in brief of appellee's counsel, to-wit: *Micou v. Moses Brothers.*, 72 Ala. 439; *Maxwell v. Peters Shoe Co.*, 109 Ala. 371; *Ashurst v. Lehman, Durr & Co.*, 86 Ala. 370; *Hendrix v. Am. L. & F. Co.*, 95 Ala. 313; *Heard v. Murray*, 93 Ala. 127; *Sims v. Adams*, 78 Ala. 395, it will be found that there was a distinct averment in the bill of the insolvency of both the defendant debtor and his fraudulent grantee, and that the property in question was of such a nature and character as to be readily spirited

away, and that the same was being disposed of and that irreparable loss and injury would result from the delay that would follow in giving notice. For the reasons given above we think the chancellor erred in the order appointing a receiver, and the order must be vacated and set aside.

Reversed and remanded.