# Gillett *et al. v.* Higgins.

*Bill in Equity for Settlement and Dissolution of Partnership, and for Appointment of Receiver.*

1. *Dissolution of partnership; equity of bill in chancery.*—Where one of the members of a partnership has been excluded from the business of his firm, and the stock of goods owned by the firm has been taken into the possession of the other member of the partnership in collusion with a third party, the partner so excluded can maintain a bill for the dissolution of the partnership.

2. *Dissolution of partnership; appointment of receiver.*—Where a bill is filed seeking a dissolution of a partnership, and it satisfactorily appears that the complainant will be entitled a decree for dissolution, it is proper to appoint a receiver of the partnership's assets in business.

3. *Same; same.*—Where a bill is filed for the settlement and dissolution of a partnership, and the complainant also asks for the appointment of a receiver, and it is averred that the defendant partner sold out the firm's goods, and turned over the business to strangers, to the utter exclusion of the complainant, and in utter disregard of his rights and interests, there is made out a *prima facie* case for the appointment of a receiver even without notice of the application.

4. *Appeal does not lie from refusal of court to vacate an order appointing. a receiver.*—An appeal does not lie from the refusal of the court to vacate an order appointing a receiver; such order being merely interlocutory, and not being one from which under the statute an appeal can be taken.

[Gillett *et al.* v. Higgins.]

APPEAL from the City Court of Bessemer in Equity.

Heard before the Hon. B. C. JONES.

The bill in this case is distinctively one for the dissolution and settlement of a copartnership between the complainant, M. M. Higgins and the defendant, George A. Gillett.

It is averred that on or about the 1st day of August, 1904, that said George A. Gillett and complainant entered into a partnership known as the Bessemer Paint & Wall Paper Company, and that they were each one-half owners of the business and stock of goods, worth between seven hundred and a thousand dollars, and that they operated said business until on or about the 25th of August, 1904, at which time complainant was ejected and forced out of the partnership store under threats of violence, accompanied with weapons, by defendants Malcolm and Will Chandler, who claimed that they had purchased the goods and business the day before from defendant, G. A. Gillett, who assisted said Chandlers in the ejection of complainant, thereby keeping him out of his place of business, and said stock of goods and business out of his possession, depriving him of any interest therein.

It is further alleged that said Chandlers with the assistance of said Gillett have taken charge of said store and business, under the name of Chandler Brothers, and have bought another stock of goods and mixed and mingled them with the stock of goods of complainants firm; that the said Gillett is staying in the store assisting in carrying on the business, and refuses to render any accounting of the said business or stock, or of the accounts owing the firm, and refuses to surrender any funds or goods to complainant or to account to complainant for the same, and he believes that defendants are in collusion with each other in depriving complainant of his business and any interest in said partnership.

It is further charged that said firm of which plaintiff was a member, kept a set of books, showing the debits and credits of the firm, and defendants refuse to allow complainant the possession or inspection of said books; that said business was profitable and was conducted on

a paying basis, and by reason of his ejection therefrom, he has been greatly damaged.

The prayer of the bill was for the dissolution of said firm by a proper decree of the court; that defendants be required to produce and file with the register of the court all papers and books pertaining to the business of said firm; that they be required to make a full list of the stock on hand at the time said Chandlers claim to have bought out said business; to show what moneys have been collected on accounts due said firm; that the defendants be brought to an accounting between the complainant and said Gillett, etc., etc.

By a supplemental bill filed on the 7th of September, 1904, the complaint charged that defendants were daily disposing of said stock of goods, and if allowed to proceed, the entire stock will soon be disposed of, and irreparable injury will be inflicted on complainant unless said stock of goods is taken into the custody of the court. It is also charged that, defendants are each worth less than their statutory exemptions under the laws of this State, and prayed for the appointment of a receiver to take possession of said partnership property, to make an accounting of all things pertaining to said partnership and wind up its affairs under the directions of the court.

The defendants in answer do not deny that the copartnership between complainant and said Gillett existed as alleged in the bill. They allege that about the 22nd of August, 1904, they bought and took possession of said stock of goods, though they do not allege from whom, and ran the business since that time; that since then they removed a stock of wall paper. etc., to the place of business of said Bessemer Paint & Wall Paper Company, worth about $800.00, and had bought and added other goods to about $750.00, and the value of the whole stock was worth about $1,500.00; that all the stock they purchased from said Wall Paper Company, and all they added thereto, including horse and wagon, had been seized by the receiver. which will work irreparable injury to the defendants.

It appears that the court appointed a receiver as prayed for, first requiring the plaintiff to execute a bond in the sum of $500.00, payable to defendants, conditioned to pay them any damage which any person may sustain by the appointment of a receiver, if said appointment should be vacated. The receiver was also required to execute a bond properly conditioned payable to the register of the court, which bond was duly executed and approved.

The defendants moved the court on the 12th day of September, 1904, for reasons set out in their motion, to vacate and annul the appointment of the receiver, which was set down to be heard on the 15th of the month and which on the hearing was overruled.

The defendants appeal, and assign as error the decree of the court appointing the receiver, and the decree of the court refusing and overruling the motion to vacate and annul the appointment of the receiver.

J. A. ESTES, for appellant.—Section 799 of the Code provides for the appointment of a receiver upon application in writing, and this application we insist should be made independent of the bill, and there was no application made in the case at bar. The appointment of the receiver was made in this case without notice to the respondents, and that too without any emergency or necessity therefor being shown.

PINKNEY SCOTT, *contra.*—The original bill and the supplement thereto, together with the affidavits in this case show that the complainant was entitled to a dissolution of the partnership and to an accounting between himself and Gillett.—*Moore v. Price,* 116 Ala. 247.

Wherever a bill is filed seeking a dissolution of a partnership, and it satisfactorily appears that the complainant will be entitled to a decree for dissolution, a receiver will be appointed of course. The reason being that the same causes which would justify a decree for dissolution generally justify the appointment of a receiver.—*Bard v. Gingham,* 54 Ala. 466.

There can be no question in this, but that this cause would fall within the rule and the circumstances clearly bear it out, that notice necessary to the defendants, praying for the appointment of a receiver and the affidavit attached to the supplemental bill go to show that these defendants were insolvent and they were disposing of the property belonging to the Bessemer Paint & Wall Paper Company at the time the supplemental bill was filed and in all cases, such circumstances dispense with the notice.—*Irwin v. Everson,* 95 Ala. 64; *Ashurst v. Lehman, Durr & Co.,* 86 Ala. 370; *Word v. Word,* 90 Ala. 84; *Heard v. Murray, Dibbrell & Co.,* 93 Ala. 127; *Butts v. Broughton,* 72 Ala. 295; *Hendrix v. Amr. Freehold Land Mort. Co.,* 95 Ala. 314.

HARALSON, J.—The action taken by the defendants in excluding the complainant from the business of his firm, as set up in the bill, presented a sufficient cause for the dissolution of the partnership by the court of equity on the application of the complaint.—*Moore v. Price,* 116 Ala. 247; *Meaher v. Cox,* 37 Ala. 201; 17 Am. & Eng. Ency. Law, (1st Ed.) 1106-7.

While the taking into the custody of the court the partnership effects, was a stringent measure, not to be resorted to except remedially, yet it rests largely within the discretion of the court; and the authorities affirm, as a general rule, "that when a bill is filed seeking a dissolution of a partnership, and it satisfactorily appears that the complainant will be entitled to a decree for dissolution, a receiver will be appointed of course."—*Bard v. Bingham,* 54 Ala. 463; *Briarfield Iron Works v. Foster, Ib.* 622; *Bank v. U. S. S. & L. Association,* 104 Ala. 297.

The steps taken by complainant's partner, Gillett, in selling out the firm's goods and turning over the business to strangers in the manner averred were radical and extraordinary, and in utter disregard of complainant's rights and interests, making a *prima facie* case for the appointment of a receiver, even without notice of the application.—*Hendrix v. A. F. L. M. Co.,* 95 Ala.

[Snead v. Bell.]

316; *Ashurst v. Lehman Durr & Company,* 86 Ala. 370. Here the matter of the appointment of the receiver, was brought forward by supplemental bill, the receiver was appointed on the 8th of September, and qualified by executing the bond prescribed on the 9th, a motion was made to discharge him on the 12th, which was set for hearing on the 15th of September and overruled.

We have not been shown nor have we ascertained wherein the court erred in the appointment of the receiver.

No appeal lies from the refusal of the court to vacate an order appointing a receiver, such an order being merely interlocutory.—*Miller v. Lehman, Durr & Co.,* 87 Ala. 519.

Affirmed.

McClellan, C. J., Dowdell and Denson, J.J., concurring.