# Hall *et al.* v. Alabama Terminal & Improvement Co.

*Bill in Equity by Judgment Creditor of a Corporation to subject Certain Subscriptions to Capital Stock to Payment of said Judgment.*

1. *Creditor's bill; plea in bar; pendency of another bill no bar.*—A pending creditor's bill, filed by complainant for himself and all other creditors who may join therein, before a decree has been rendered in the cause, is no bar to another bill, filed subsequently, by another creditor of the same debtor, who has not become a party to the first proceeding ; and a plea setting up such fact, constitutes no bar to the maintenance of the later bill.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants in the chancery court of Montgomery county on March 17, 1894, against the Alabama Terminal & Improvement Company and others ; and sought to subject certain subscriptions made by the defendants to the capital stock of the Alabama Terminal & Improvement Company, to the payment of a judgment in favor of the complainants, on which judgment execution had been duly issued and returned by the sheriff "no property found." Certain of the defendants pleaded, as a bar to the right of the plaintiff to maintain the present suit, that at the time of the institution of this suit, there was pending in the chancery court of Pike county, a suit against the same parties who are made defendants now, which was instituted by A. A. Wiley, a simple contract creditor, filing a general creditors' bill predicated on the same facts

alleged in the present bill and seeking substantially the same relief.

On the submission of the cause, upon this plea, the chancellor decreed that it was in all things sufficient to prevent the maintenance of the present suit by the complainants ; and from this decree the complainants prosecute the present appeal.

W. A. GUNTER, for appellants.—It is a rule, without an exception, that the filing of creditors' bills, which have equity and may be maintained for the administration of a fund for all creditors, is no bar to any other suit which may be maintained against the same fund until there is a decree. There is no instance, says Mr. Daniels, of a creditor being hindered until after decree in the creditor's suit.—2 Dan. Chan. Prac., 1615, Chap. 36 ; *Rush v. Higgs*, 4 Ves. Jr. 638 : *Perry v. Phelips*, 10 Ves. Jr. 34 ; *Ranken v. Harwood*, 5 Hare 215 ; *Moore v. Holt*, 3 Tenn. Chan. Rep. 143 ; 4 Amer. & Eng. Encyc. of Law, 580.

J. M. WHITE and W. S. THORINGTON, *contra*.—The plea in this case, in effect, sets up the pendency of a general creditor's bill in another court of ample jurisdiction, in bar of another general creditor's bill, involving precisely the same subject matter and potentially the same parties. It was open to the complainants in the suit to make themselves parties complainant to the Wiley bill, at any time ; and, not only that, but also, to apply to the court for liberty to conduct the suit, if the original complaint is dilatory in that respect.

The real situation, therefore, as developed by the plea, is that the complainants had the right to go into the pending bill, and upon the failure of the original complainant to prosecute it diligently or in good faith, to obtain the control of the suit, and, in either event, to obtain as full and ample relief as they are entitled to have under their own bill. Therefore, the filing of the second bill, in respect to the same property and for the same purpose is unnecessary, oppressive and vexatious. We find no rule, statute or decision of the State, referring to such a plea as this, but its nature, office and effect will be found fully discussed in the following text books : Cooper's Eq. Pl., 272-276 ; Story's Eq. Pl., (9th Ed.), §§

737-740 ; 1 Daniel Ch. Pl. 336, (5th Ed.) ; Milford & Taylor's Eq. Pl. & Prac. 336 *et seq.* ; *McEwen v. Broadhead*, 3 Stock. (N. J.) 129. In principle it can not be distinguished from the plea in abatement at law of a former pending suit between the same parties for the same cause of action, which plea is sufficient to abate the latter suit.—Story's Eq. Pl., § 736 ; *Foster v. Napier*, 73 Ala. 595 ; *Behrens v. Sieveking*, 2 Mylne & Craig, (Eng. Ch.) 602.

COLEMAN, J.—This appeal is prosecuted from the decree of the chancery court sustaining the sufficiency of a plea filed by appellees to the bill of appellant. There is but one question argued by the counsel for the appellee, and but one principle involved in this appeal, and that is whether a pending creditors' bill, filed by the complainant for himself, and all other creditors who may see proper to come in and make themselves parties, before a decree has been rendered in the cause, can be pleaded in bar to another bill, filed by a creditor of the same debtor, and who has not made himself a party to the other proceeding. No case has been cited by counsel for appellee, in support of the contention, and we presume none can be found. In 2 Dan. Chan. Pr., §§ 1615, 1616, it is stated, that "There is no instance, however, ... . hich a creditor at law has ever been stopped, unless there was a decree giving him an absolute and unconditional right to come in and prove his debt at once." In 1 Story's Eq. Jurisprudence, § 549, the rule is thus stated : "As soon as the decree to account is made in such a suit, * * * *and not before*, the executor is entitled to an injunction," &c. Italics are ours. See also 4 Amer. & Eng. Encyc. of Law, 580.

We deem it unnecessary to accumulate authorities.

The court erred in holding that the plea was sufficient.

Reversed and remanded.

BRICKELL, C. J., not sitting.