# Maxwell v. Peters Shoe Co.

*Bill in Equity by Creditors of Insolvent Debtor to Subject Property Fraudulently Conveyed.*

1. *Receiver, appointment of, without notice.*—A creditors' bill alleged that the debtor, a merchant, was insolvent; that he had transferred to M., his mother, for a stipulated debt, a part of his goods, which were taken possession of by her, and were being disposed of by W., acting as her agent; that the debtor had made an assignment of the rest of his property to said W. for the benefit of his creditors; that W., who was insolvent, an acting without bond, was disposing of the goods assigned to him, and had preferred a large simulated claim; that, since the sale to M., new goods, which had been consigned to the debtor before the sale, and were not included therein, were turned over to W. as the agent of M.; that both M. and W. had notice of the debtor's insolvency at the time of the sale and assignment, and that the entire transaction was a scheme to defraud the complainant and other creditors. *Held*, that the appointment of a receiver, without notice, was not improper.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOMAS COBBS.
The bill in this case was filed by the Peters Shoe Com-

pany, a corporation, on behalf of itself and other creditors, against J. K. Maxwell and John E. Maxwell, composing the firm of J. K. Maxwell & Co., Mary A. Maxwell, and others, to reach property alleged to have been fraudulently conveyed by the debtors, J. K. Maxwell & Co.; and it prayed the appointment of a receiver for said property. The defendants appeal from an order appointing a receiver without notice.

L. Y. LIPSCOMB and S. W. JOHN, for the appellants.

TROTTER & McADORY, *contra*.

COLEMAN, J.—The appeal is prosecuted from an order of the court appointing a receiver without notice. After the order appointing the receiver had been entered, but before taking the appeal, the respondent, appellants here, submitted several motions to the court, which were ruled upon, but these rulings are not involved in this appeal. It may facilitate the further prosecution of the cause to state a general principle of pleading, raised by the motion of respondents to strike complainants' bill from the docket and file. A creditor's bill filed to reach property fraudulently conveyed by a debtor, in the name of one creditor on behalf of all other creditors who may see proper to come in and make themselves parties, will not preclude other creditors from proceeding in like manner by original bill, until there has been a decree upon the merits, granting relief.—*Hall v. Alabama Terminal & Improvement Co.*, 104 Ala. 577: If some of the parties complainant to the second bill filed were complainants to the first bill, the objection should have been directed to such parties, and not to the whole bill. A pending suit may be pleaded in abatement. A motion to strike is not proper pleading in such cases.

The counter abstract shows that complainants were required to enter into bond as provided by statute. Acts 1894–5, p. 585. The only question before us is whether the facts averred in the bill necessitated the appointment of a receiver without delay and without notice. The material averments are that complainants are creditors of J. K. Maxwell and John E. Maxwell, composing the firm of J. K. Maxwell & Co., engaged in merchandising, that they are insolvent, that they have sold a

large part of their goods to their mother, M. A. Maxwell, who has taken possession of the goods and is disposing of them by her agent, W. T. Maxwell; that the debt claimed by Mrs. Maxwell for which these goods were received in payment was simulated. It further avers that the debtors have made an assignment of the remainder of their stock of goods for their creditors, and that W. T. Maxwell is the assignee in said deed, that he has taken possession of the remainder of the goods, and is disposing of them; that the assignee is insolvent and acting without bond. It further avers that said insolvent assignee has preferred a large claim, amounting to over twelve hundred dollars, which is simulated. The bill futher avers that, since the pretended sale to M. A. Maxwell, new goods have been received which were consigned to the firm before said sale, and not included in the sale, were turned over to W. T. Maxwell, as the agent of M. A. Maxwell, and are now in his possession as such agent. It further avers that both W. T. Maxwell, the assignee, and Mary A. Maxwell, the purchaser, had notice of the insolvent condition of the debtors at the time of the sale and the execution of the assignment, and that the entire transaction was a scheme to injure, delay and defraud complainants and other creditors. We can not anticipate the evidence, but looking at the case made by the bill, we are not prepared to hold that the appointment of the receiver was not authorized by the case made by the bill.

Affirmed.