1840.

Wetmore
v.
Winans.

---

### WETMORE and others vs. WINANS and wife.

Where the parties to a foreclosure suit stipulated to refer it to the vice chancellor before whom the suit was pending, to ascertain whether the premises could be sold in parcels, and to report the amount due and to become due on the bond and mortgage, and that upon filing his report, the usual decree of sale should be entered in conformity therewith ; *Held*, that the complainant was entitled to a decree immediately upon filing such report, and without waiting the usual time to give the defendants an opportunity to *except to the report.*

A reference may be made to a vice chancellor, with his assent, although the suit is pending before him. And where there is no agreement to the contrary, the proceedings upon such reference are to be conducted in the usual manner ; and the parties may except to the report as in other cases.

May 19.

THIS was an appeal from a decision of the vice chancellor of the eighth circuit, denying the application of the defendants for an order to set aside a decree of foreclosure and sale, and for leave to the defendants to except to the report of the vice chancellor, acting as a master ; to whom it was referred to compute the amount due upon the complainants' bond and mortgage, and to report whether the mortgaged premises could be sold in separate parcels with-

out injury to the interests of the parties.  By a stipulation, signed by the solicitors of the respective parties, the answer of the defendants was withdrawn and the bill was taken as confessed.  It was further stipulated that the usual order of reference, to compute the amount due and to become due on the bond and mortgage and to report whether the premises could be sold in parcels, should be made directly to the vice chancellor ; and that, upon *filing* his report, the usual decree of sale should be entered, in conformity with such report, and that the premises should be sold as soon thereafter as might be, in accordance with such decree, so as to sell if possible before the first of May then next.  Several witnesses were examined before the vice chancellor on the reference, as to the propriety of selling the mortgaged premises in parcels, only about one third of the amount secured by the mortgage having become due, which was the only question in contest between the parties. The vice chancellor reported against a sale in parcels ; and immediately upon filing the report a decree was entered in conformity thereto, without waiting the eight days allowed in ordinary cases to except to the report.

*J. Rhoades*, for the appellants.

*C. Stevens*, for the respondents.

THE CHANCELLOR.  The 197th rule authorizes a reference to a vice chancellor, with his assent, whether the suit or proceeding is before the chancellor or a vice chancellor. He may, therefore, execute the order of reference, if he thinks proper to do so, although the suit or proceeding in which such order is entered is pending before himself.  In such cases, where there is no written stipulation between the parties dispensing with the usual forms of proceeding, the reference is to be executed in the usual way ; and the report is to be confirmed as in other cases, before any further proceedings can be had thereon, if it is a report which by the ordinary practice of the court requires confirmation. Exceptions may also be taken to such report, although the

vice chancellor, upon such exceptions, will have to review his own decision, made while acting as a master. I see nothing objectionable, however, in this course, as it will only be in the nature of a rehearing, which is very common in the court of chancery. And if any of the parties are dissatisfied with the final decision of the vice chancellor upon the subject of the exceptions, they will have their remedy by appeal from such decision. The question therefore arises in this case upon the construction and effect of the written stipulation between the parties therein, signed by their respective solicitors. And upon a careful examination of the language of that stipulation, I think the vice chancellor was right in supposing that the complainants' solicitor was authorized to enter this final decree immediately upon the filing of the report; without waiting the eight days to give the adverse parties an opportunity to except to such report. If the parties intended to reserve the usual right to except to the report, they should have stipulated that the decree might be entered, in conformity therewith, upon the filing and *confirmation* of the report.

Although the defendant, T. E. Winans, and his solicitor both swear that it was not intended by the stipulation to waive the right to except, such is not the legal costruction of the written instrument. And if they have made a slip, by which the defendants have been deprived of the privilege of keeping possession of a part of the mortgaged premises for one or two years longer, without paying any part of the mortgage money which had already become due, I cannot say the vice chancellor, in the exercise of a sound discretion, ought to have opened the decree for the purpose of restoring to the defendants this technical advantage which they had lost. I think the affidavits, in connection with the evidence on the reference, show that the complainants are bound by their stipulation to bid, upon the sale of the premises entire, more than the whole lot is really worth; and that the object of the defendants is to retain possession of a part of the premises, and receive the profits thereof, without paying the present or future instal-

ments of the complainants' debt. The correctness of the vice chancellor's decision upon the matter of the reference is not properly before me upon this appeal, except so far as may be necessary to see whether any very great injustice will probably be done to the defendants by holding them strictly to the terms of their written stipulation. I therefore express no opinion upon the question, whether the report was right or wrong upon the point in controversy on the reference.

The order appealed from must be affirmed with costs, to be paid by the appellants; and the proceedings are remitted to the vice chancellor.