(44 Misc. Rep. 415.)

## In re TOWNSEND.

(Supreme Court, Special Term, New York County. July, 1904.)

1. RECEIVER—FAILURE TO EXECUTE TRUST—DEATH—APPOINTMENT OF SUCCESSOR.

On a motion to confirm the appointment of one to execute a trust unexecuted by one K., who died in 1887, as trustee for the benefit of a savings bank, it was shown that in 1871 a debtor to the bank conveyed to it certain premises alleged to be worth $54,000 to assist the bank and the receiver to pay the deposits; that in 1889 the debtor conveyed to another all his right in the premises so conveyed to the receiver and any reversion which he might have on termination of the trusts. Petitioner, who moved for the appointment of a successor in trust, claimed to have succeeded to the interest of the original debtor, and that the receiver had never conveyed the premises, nor accounted for the trust money. Held, that the court would appoint a receiver in his place to realize on the premises and the unadministered assets, and determine whether the receiver at his death had accounted for the moneys with which he was charged under a decree of the court.

Application of John Townsend for the appointment of some person to execute trusts unexecuted by Shepherd F. Knapp, receiver of the

Bowling Green Savings Bank.  Motion to confirm the appointment of William J. McCormick for such purpose.  Denied.

Harold Swain, for petitioner and the motion.

Eugene L. Bushe, for John Fox and other defendants, opposed.

GIEGERICH, J.  This is a motion to confirm the appointment of William J. McCormick to execute any trust which may have been left unexecuted by Shepherd F. Knapp as receiver or as trustee for the benefit of the Bowling Green Savings Bank of the city of New York.  Mr. McCormick's appointment was made upon notice to the Attorney General and upon an order to show cause published in the New Law Journal, in pursuance of the terms of said order to show cause.  After his appointment Mr. McCormick examined the papers on file in the said receivership, and, finding that certain appearances had been made in the proceedings, caused notice to be given to the survivors of the parties and attorneys who had appeared, and certain depositors have appeared in opposition to the motion.  The object of this proceeding is to obtain a release of certain premises conveyed, with others, by one Reeves E. Selmes and wife to the said bank, by deed bearing date November 20, 1871, which contains the following clause:

"The true meaning and intent of this conveyance being to transfer absolutely all the right, title, and interest of the parties of the first part in and to all of the above-described property to the said the Bowling Green Savings Bank to assist said bank, its receiver or legal representatives, in paying the lawful demands of its depositors; and it is hereby understood that this conveyance is given and taken upon the express condition that the avails of the property described herein shall be sacredly applied to the liquidation of the claims of said depositors."

Selmes and his wife subsequently conveyed the premises in question, with others, to the said Shepherd F. Knapp, upon certain trusts, by deed dated February 28, 1872.  By deed dated March 7, 1889, and recorded March 22, 1889, Selmes and his wife conveyed to one Josiah Lockwood all their right, title, claim, and demand and interest of, in, and to the premises in suit, and all the right of reversion upon the ceasing of the trust contained in the two deeds last above mentioned.  The petition upon which the order appointing Mr. McCormick was granted alleges certain facts tending to show that the petitioner has succeeded to the interest of said Josiah Lockwood.  The petition also alleges:

"Some question has been raised as to the validity of your petitioner's title to said premises, on the ground that there is no record proof of any sale or conveyance thereof having been made by the said Shepherd F. Knapp, as receiver or as trustee for the benefit of the Bowling Green Savings Bank, of the city of New York, and that, therefore, the trust as to said premises may have remained unexecuted."

The replying affidavit of Mr. McCormick in the present application alleges upon information, without, however, disclosing the sources of such information, that the premises "are in the possession of the petitioner herein, claiming ownership thereof in fee; that an adverse title appears from the records in the register's office to have been outstanding since 1858, and that no taxes have been paid on said premises since 1870, and that said premises have several times been sold for unpaid

taxes and assessments." It appears from the affidavits submitted that, when Selmes executed the last-mentioned deed to Lockwood in 1889, Knapp, the receiver, was dead, his death having occurred about two years before; that the depositors had been paid but 35 per cent. of the amount of their claims; that they have not been paid anything since; and that there are not any other assets available for the payment of their claims except the premises in question, which are alleged by depositors to be of the value of $54,000, and certain uncollected assets of the nominal value of $166,953.77, as reported in the account filed by Knapp in 1875. What these assets consisted of, or what has become of them, is not shown. Neither is it shown what became of certain moneys, aggregating nearly $30,000, left in the hands of Knapp for purposes designated in a decree of this court made in 1877; $23,688.99 thereof being a special deposit reserved for contested claims, then still undecided, and $5,618.72 for dividends uncalled for. It appears, furthermore, that Selmes was indebted to the said the Bowling Green Savings Bank, but in what amount does not appear, nor has it been shown whether or not any part of the debt has been paid. In view of the absence of information regarding these most essential facts, and of the meager character of the allegations of the petitioner's affidavits respecting his alleged interest in the premises, I am unable to determine what interest, if any, the bank or the receiver has therein, or upon what terms such interest should be released, if at all, or whether this motion ought to be granted. It would seem, however, that a receiver in place of Shepherd F. Knapp, deceased, should be appointed, and authorized to realize upon such interest, as well as upon the unadministered assets above referred to, and to ascertain whether any portion of the moneys left in the hands of Receiver Knapp at the time of the decree above referred to remain to be accounted for. On the other hand, if the petitioner has an interest of the character claimed by him, no reason is shown why he could not bring an action under the provisions of the Code of Civil Procedure (chapter 14, tits. 1, 5) to compel the determination of a claim to real property. All the parties in interest may, however, find it expedient to have the matter referred to a referee to ascertain and report upon the facts and the interests of the parties in the premises in controversy, but such reference will only be ordered upon the written consent of the survivors of the parties and attorneys who have appeared in proceedings connected with the accounting proceedings of Receiver Knapp and upon the stipulation of the petitioner that it will be solely at his expense. In any event, however, a receiver with full powers and responsibilities should be appointed. Except as above indicated, motion denied, without costs.

Ordered accordingly.