(55 Misc. Rep. 369.)

### LEE v. BOWLING GREEN SAVINGS BANK.

(Supreme Court, Special Term, New York County. July, 1907.)

MOTIONS—SUCCESSIVE MOTIONS ON SAME FACTS.

    Real property was conveyed to a savings bank to secure its depositors, and a receiver was appointed. The grantor afterwards conveyed the same premises to a trustee to secure his indebtedness to the bank and to dispose of the surplus as therein directed. The receiver was discharged, without accounting for the surplus arising from the sale of a portion of the property, and without having enforced the claim of the bank against the remainder. The trustee died without having completed his trust, and a justice of the Supreme Court appointed a successor to the former receiver, refusing to confirm the appointment of a new trustee. *Held*, that another justice will not appoint a trustee on a new application on the same facts.

Action by James Lee against the Bowling Green Savings Bank. Motion to open accounts of receiver denied.

Julius H. Mayer (William J. McCormick, of counsel), for the motion.

Eugene L. Bushe, opposed.

AMEND, J. This is a motion to open the accounts of George I. Landon, as receiver of the Bowling Green Savings Bank, and to restore his receivership, and to appoint him to execute certain alleged trusts claimed to have been left unexecuted by the former trustee, and to vacate certain orders heretofore made appointing Henry B. Heylman receiver of the Bowling Green Savings Bank. Prior to November 20, 1871, James Lee brought an action against the Bowling Green Savings Bank for its dissolution, and on that day Shepherd F. Knapp was appointed temporary receiver. On January 16, 1872, final judgment for dissolution of the bank was entered, and the temporary receiver was then appointed permanent receiver. On November 20, 1871, one Reeves E. Selmes and wife conveyed to the bank certain real property, which consisted in part of a parcel of land on 121st street, near Tenth avenue, and another parcel of land on Tenth avenue, near 125th street, this city. The conveyance contained the following clause:

    "The true meaning and intent of this conveyance being to transfer absolutely all the right, title, and interest of the parties of the first part in and to all the above described property to the said Bowling Green Savings Bank to assist said bank, its receiver, or legal representatives in paying the lawful demands of its depositors, and it is hereby understood that this conveyance is given and taken upon the express condition that the avails of the property shall be sacredly applied to the liquidation of the claims of said depositors."

Thereafter, and on February 28, 1872, by deed dated that day, Selmes and wife conveyed the same premises to Shepherd F. Knapp, in trust, to convert the same into cash, and out of the proceeds to pay:

First, the expenses of the execution of the trust; second, the indebtedness of Selmes to the Bowling Green Savings Bank; third, the balance to said Selmes. At the time of these conveyances the 121st street property, together with other property, was subject to three mortgages, aggregating $23,640.50, and the Tenth avenue property, together with other property, was subject to two mortgages, aggregating $3,450. Mortgages covering both the 121st street and Tenth avenue properties were afterward foreclosed; but on the foreclosure sales in July, 1872, and March and May, 1873, of the other properties covered by these mortgages, sufficient money was realized to pay all the mortgages and liens upon the properties in full, leaving a small surplus and rendering a sale of the 121st street and Tenth avenue properties unnecessary. Both the 121st street and Tenth avenue properties were, therefore, freed from the liens of all mortgages. A surplus of $58.31 on the 121st street property and of $201.31 on the Tenth avenue property was paid to Knapp as receiver. He filed two interlocutory accounts, both of which were approved by the court; the last account being in November, 1886. In neither of these accounts were the 121st street or Tenth avenue properties, or the surplus realized on said foreclosure sales, mentioned, except that in the first of said accounts a reference is made to several items of surplus money received on foreclosure of the Selmes property, amounting to $10,972.18. On December 25, 1886, Shepherd F. Knapp died, and George I. Landon was appointed to succeed him. In 1892 Landon accounted and was discharged. No reference to either the 121st street or Tenth avenue properties is made in the account of Landon.

In March, 1889, Selmes and wife executed a deed to one Lockwood, conveying their title and right of reversion in the 121st street and Tenth avenue properties. Subsequently Lockwood conveyed these lands to the wife of John Townshend. She died, leaving a will in which she devised and bequeathed to her husband, John Townshend, her residuary estate, which, it is claimed, includes her interest in these lands. On February 23, 1904, an order was made, upon the application of John Townshend, on notice to the Attorney General and creditors of the bank, appointing a trustee to execute any trust left unexecuted by Knapp as receiver or trustee. No opposition to the granting of this order was made; the Attorney General appearing upon the motion. The trustee thus appointed, discovering that certain parties entitled to notice of motion had not been notified, made an application, upon notice to such parties, to confirm his appointment. This motion was opposed and denied, and the appointment of the trustee set aside. It appearing to the court, in denying the motion and setting aside the appointment, that there were possible assets left unadministered, Henry B. Heylman was appointed receiver to succeed Knapp. Matter of Townshend, 44 Misc. Rep. 415, 89 N. Y. Supp. 1012.

As a justice of this court has heretofore refused to confirm the appointment of a trustee to execute the trusts claimed to have been left unexecuted upon practically the same state of facts as is here presented, I do not think that such an appointment should now be made. The contention of the Attorney General that the appointment of Heylman

as receiver of the bank was irregular, because it was made without notice to him, is, I believe, untenable. The appointment of the trustee was made upon notice to him, and notice to him of the trustee's application for the confirmation of this appointment was, I think, unnecessary. The appointment of Heylman was made by the court of its own motion, upon the denial of the trustee's motion for a confirmation of his appointment, and its authority so to do is not without support in law. Sanford v. Sinclair, 8 Paige, 373. The order appointing Heylman was an order made at the foot of the order appointing the trustee. To hold this appointment irregular would, in my opinion, be to reverse the order of the justice who made it.

Motion denied, with costs.